1

2

3

4

5                                    UNITED STATES DISTRICT COURT

6                                   NORTHERN DISTRICT OF CALIFORNIA

7

8    **ANTONIO CORTEZ BUCKLEY**,                    Case No.  14-cv-05448-YGR

                    Plaintiff,
9                                                   **ORDER ON MOTION TO DISMISS AND**
                                                    **MOTION FOR MORE DEFINITE STATEMENT;**
10          v.                                      **SETTING INITIAL CASE MANAGEMENT**
                                                    **CONFERENCE; REFERRING PARTIES TO**
11   **COUNTY OF SAN MATEO, ET AL.**,               **MAGISTRATE FOR SETTLEMENT**

                    Defendants.                     Re: Dkt. No. 30
12

13

14          Plaintiff Antonio Cortez Buckley brings this civil action against defendants County of San

15   Mateo, Sheriff Greg Munks, and Deputies Justice, Michael, Echano, Tapia, Moody, Alonso,

16   Copeland, and Criado (collectively, "defendants") for claims arising from incidents occurring at

17   the Maguire Correctional Facility.  Plaintiff in a *pro se* capacity alleges three claims under 42

18   U.S.C. section 1983 against defendants, specifically for (1) retaliation, (2) excessive force, and (3)

     deliberate indifference to serious medical needs.
19

20          Defendants County of San Mateo, Sheriff Munks, and Deputy Criado filed a motion to

21   dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff has failed to

22   state a claim against them.  (Dkt. No. 30, "Mtn.")  Defendants also move under Rule 12(e) for a

     more definite statement with respect to plaintiff's excessive force claim.  (*Id.*)
23

24          Having carefully considered the papers submitted and the pleadings in this action, and for

25   the reasons set forth below, the Court hereby **GRANTS IN PART** the motion to dismiss **WITH**

     **LEAVE TO AMEND**, and **DENIES** the motion for a more definite statement.[1]
26

27   _____

28          [1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court
     determined this motion suitable for decision without oral argument.

# I.    BACKGROUND

Plaintiff was in custody at the Maguire Correctional Facility in San Mateo County, California, from November 20, 2013, through March 12, 2014.  (*See* Dkt. No. 30, "FAC.")  The Court recounts the salient allegations in the FAC as follows:

Plaintiff was first taken into custody on November 20, 2013, when his bail was revoked in an underlying criminal assault case.  (FAC at 6:7-8.)  Deputies (non-parties to this action) took plaintiff into custody and would not allow him to retain religious clothing,[2] confiscating the clothing from plaintiff and calling him religious slurs.  (FAC at 6:15-22.)  One of the non-party deputies was Sergeant Justice, brother of defendant Deputy Justice.  Plaintiff filed an inmate grievance against the non-party deputies on December 3, 2013, recounting their allegedly discriminatory behavior.  (FAC at 6:22-25, Exh. A at 20.)  In response to that grievance, a supervisor and watch commander denied plaintiff's allegations and concluded that plaintiff's grievance had no merit.  (FAC, Exh. A at 20.)  Plaintiff then filed a grievance appeal letter on December 13, 2013.  (*Id*. at 22.)  Captain Mark Hanlon's response to the grievance appeal again denied any wrongdoing by the non-party deputies.  (*Id*. at 21.)

On February 28, 2014, seven of the deputy defendants[3] – all but Criado – allegedly retaliated against plaintiff for filing the grievance against defendant Deputy Justice's brother.  The incident began at 11:00 p.m. when Deputy Justice appeared at plaintiff's cell door and advised plaintiff that he was being placed in administrative segregation.  (FAC at 7:16-22.)  Plaintiff alleges there was no valid reason for his placement in administrative segregation, and that he was moved in retaliation for the grievance filed against Sergeant Justice.  (*Id*. at 10:7-12.)

After being escorted to administrative segregation, plaintiff was ordered to remove his clothing to wear a suicide jacket.  (*Id*. at 8:3-7.)  While plaintiff attempted to put on the suicide jacket, the seven present deputy defendants ran into his cell and pulled him to the cell floor,

---

[2] Plaintiff is an Orthodox Jew and wears a kippah (a brimless cap) and tallit katan (a fringed garment).

[3] For clarity, the defendant deputies whom plaintiff alleges were involved in the retaliation incident were deputies: Justice, Michael, Echano, Tapia, Moody, Alonso, and Copeland.

United States District Court
Northern District of California

1    holding his arms, legs, and neck.  (*Id*. at 8:8-18.)  The seven deputy defendants then jumped on

2    plaintiff's arms and legs with their knees, and bent plaintiff's fingers back until his left index and

3    middle fingers broke.  (*Id*. at 8:20-28.)  Plaintiff did not resist, but at that point he yelled out from

4    the pain of his fingers breaking.  (*Id*. at 8:28-9:1.)

5            As Deputy Justice sat on plaintiff's back, he told plaintiff: "Here is what is going to

6    happen. You are going to stop complaining and disrespecting staff."  (*Id*. at 9:2-5) (original

7    punctuation omitted.)  At that point, Deputy Justice told plaintiff that he was Sergeant Justice's

8    brother, and called plaintiff a religious and racial slur.  (*Id*. at 9:5-7)  The seven defendant deputies

9    then ceased restraining plaintiff and walked out of his cell.  (*Id*. at 9:8-12.)  Before leaving,

10   Deputy Justice instructed plaintiff to pretend as though the incident did not occur.  (*Id*. at 9:12-14.)

11           Late in the evening of February 28, 2014, plaintiff activated the emergency intercom in his

12   cell and pleaded for medical assistance for his broken fingers and injured lower back.  (*Id*. at 9:24-

13   28.)  The seven deputy defendants did not respond to plaintiff's pleas.  (*Id*. at 10:1-4.)  Plaintiff

14   did not receive any medical care for his broken fingers or back pain that evening.  (*Id*. at 10:20-

15   25.)  Plaintiff then began a four-day hunger strike in an attempt to be seen by medical staff.  (*Id*.)

16           In the early morning hours of March 5, 2014, plaintiff advised defendant Deputy Criado

17   that he was unable to get out of bed as a result of the injuries caused by the incident involving the

18   seven other deputy defendants.  (*Id*. at 12:1-9).  Deputy Criado responded by admonishing

19   plaintiff for disrespecting staff members, and also claimed that he did not believe plaintiff was in

20   fact injured.  (*Id*. at 12:13-16.)  Deputy Criado also warned plaintiff that his hunger strike was

21   futile.  (*Id*. at 12:17-21.)  Deputy Criado did not document plaintiff's injuries or submit a request

22   for plaintiff to see medical personnel.  (*Id*. at 12:24-28.)  Instead, Deputy Criado filed an allegedly

23   unsubstantiated rule violation report against plaintiff.  (*Id*. at 12:21-24.)

24           Later in the afternoon of March 5, 2014, plaintiff was visited by his girlfriend Dena

25   Balsley.  (*Id*. at 13:1-3.)  Plaintiff showed Ms. Balsley his injuries from the February 28, 2014

26   incident and Ms. Balsley approached an unidentified female deputy in the jail lobby to demand

27   that plaintiff receive medical treatment.  (*Id*. at 13:9-12.)  Again, no treatment was provided.  (*Id*.

28   at 13:12-15.)  Plaintiff's injuries went untreated until March 11, 2015.  (*Id*. at 13:23-28.)

United States District Court
Northern District of California

3

On March 10, 2014, a court in Redwood City, California, ordered the San Mateo Sheriff's office to provide medical treatment to plaintiff. (*Id*. at 13:16-23.) The next day, plaintiff received two pain shots for his broken fingers and dislocated lumber spine. (*Id*. at 13:23-28.) One day later, on March 12, 2014, plaintiff was released from custody and sent by ambulance to Kaiser Permanente hospital in Redwood City. (*Id*. at 14:3-6.) The hospital x-rayed plaintiff's left hand, confirming his middle and index fingers were broken, and an x-ray of his lower back confirmed his vertebrae were dislocated. (*Id*. at 14:8-13.) On March 19, 2014, plaintiff filed a complaint form with the San Mateo County Sheriff's Office against the seven deputy defendants for their respective roles in the February 28, 2014 incident. (FAC, Exh. A at 17-19.) On March 31, 2014, plaintiff filed a separate complaint form against Deputy Criado for his failure to take plaintiff to receive medical treatment for his injuries. (FAC, Exh. B at 24-27.)

Plaintiff instituted this action against defendants on December 15, 2014. (Dkt. No. 1.) Following defendants' original motion to dismiss, (Dkt. No. 17) plaintiff sought and was granted leave to amend his complaint (Dkt. Nos. 23, 25). The operative FAC was filed on April 13, 2015, seeking monetary damages for defendants' violation of plaintiff's constitutional rights, alleging claims for: (1) retaliation; (2) excessive force; and (3) deliberate indifference to his serious medical needs. Defendants now move to dismiss the claims against defendants County of San Mateo, Sheriff Munks, and Deputy Criado for failure to state a claim under Rule 12(b)(6), and for a more definite statement regarding plaintiff's excessive force claim under Rule 12(e).

## II.   MOTION TO DISMISS

### A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 547, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### B.  Claims Against the County Defendant

The County moves to dismiss the claims against it under Rule 12(b)(6), arguing that it cannot be held vicariously liable for actions of its employees who caused constitutional violations. Under Section 1983, a defendant is only liable where it "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis in original) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  A local government, therefore, "cannot be held liable [under Section 1983] *solely* because it employs a tortfeasor," and can have liability under Section 1983 for its employees' actions only where an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original).

United States District Court
Northern District of California

5

1  Plaintiff's theory of liability against the County is that it "is responsible for all of the
2  cowardly lawless defendants because the [deputy defendants] are employees of the San Mateo
3  County Sheriff Department." (FAC at 14:13-19.) The County contends that this theory of liability
4  is not cognizable. The Court agrees. Plaintiff cannot recover against the County merely because it
5  employed the individual defendants. *Monell*, 436 U.S. at 691.

6  In his opposition papers, plaintiff includes additional theories under which he seeks to
7  recover against the County, including new claims of First Amendment violations resulting from
8  the County's policy on religious clothing for inmates. On a Rule 12(b)(6) motion, however, the
9  Court "may not look beyond the complaint to a plaintiff's moving papers" to determine whether
10  plaintiff has stated a legally cognizable claim. *Schneider v. California Dept. of Corrections*, 151
11  F.3d 1194, 1197 n. 1 (9th Cir. 1988). Looking only to the FAC and its attendant exhibits, the
12  Court finds that plaintiff has not yet stated a cognizable claim against the County itself.

13  The County's motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

14  **C. Claims Against Defendant Sheriff Munks**

15  Sheriff Munks similarly moves for dismissal, contending he cannot be held vicariously
16  liable for the acts of the deputy defendants merely because he is their supervisor. "A supervisor is
17  only liable for constitutional violations of his subordinates if the supervisor participated in or
18  directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*,
19  880 F.2d 1040, 1045 (9th Cir. 1989). In that regard, plaintiff alleges that Sheriff Munks failed to
20  train the deputy defendants properly. (FAC at 14:19-22.) To state a claim for insufficient
21  training, plaintiff must allege facts sufficient to show that Sheriff Munks "disregarded the known
22  or obvious consequence that a particular omission in their training program would cause [the
23  deputy defendants] to violate citizens' constitutional rights." *Flores v. County of Los Angeles*, 758
24  F.3d 1154, 1159 (9th Cir. 2014).

25  The FAC does not allege any facts to support a claim that Sheriff Munks' failure to train
26  the deputy defendants properly would amount to a violation of plaintiff's constitutional rights.
27  Again, plaintiff's opposition includes additional *facts* to support his claim for failure to train, as
28  well as additional theories under which he seeks to recover against Sheriff Munks. Again, these

United States District Court
Northern District of California

1   new allegations are not properly before the Court.  *Schneider*, 151 F.3d at 1197.   The only

2   relevant allegation against Sheriff Munks is the conclusory statement that he "fail[ed] to properly

3   train and superv[ise] the defendants."  (FAC at 14:21-22.)  This allegation, without more, is

4   insufficient to state a claim for failure to train.  *See Flores*, 758 F.3d at 1159.

5            The Sheriff's motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

6            **D.  Claims Against Defendant Deputy Criado**

7            Deputy Criado moves to dismiss the single claim against him for deliberate indifference to

8   plaintiff's serious medical needs.  A claim for deliberate indifference arising out of inadequate

9   medical care includes two elements: (1) that the defendant was deliberately indifferent (2) to

10  plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To be deliberately

11  indifferent, the defendant must have actually been "aware of the risk" to plaintiff's health and

12  safety.  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

13           Deputy Criado argues that the FAC does not allege any facts tending to show that he was

14  aware of plaintiff's injuries, or that he knew the injuries created a risk to plaintiff's health.  Even a

15  cursory reading of the FAC belies defendant's argument.  The FAC alleges, in detail, plaintiff's

16  interaction with Deputy Criado.  Indeed, plaintiff specifically states that Deputy Criado "attempted

17  to cover-up plaintiff Buckley's serious injuries by deliberately failing to document plaintiff

18  Buckley's urgent medical request."  (FAC at 12:24-28.)  In light of the FAC as a whole, deputy

19  Criado's argument that the FAC admits he did not have the requisite knowledge because he said

20  there was "nothing wrong" with plaintiff, is disingenuous at best.

21           The Court finds that the FAC contains sufficient allegations of deliberate indifference to

22  put Deputy Criado on notice of plaintiff's basis for the claim.  The motion to dismiss Deputy

23  Criado is **DENIED**.

24  **III.      MOTION FOR A MORE DEFINITE STATEMENT**

25           Defendants move for a more definite statement on the claim for excessive force because,

26  they claim, plaintiff has not made clear whether he was pre-conviction or post-conviction at the

27  time of the alleged violation.  Without this clarification, defendants argue they are left unable to

28  respond properly to the allegations because "there are distinct legal theories that govern a claim of

United States District Court
Northern District of California

United States District Court
Northern District of California

1    excessive forced based on [plaintiff's] status as a pre or post-conviction."  (Mtn. at 8:4-5.)

2         Rule 12(e) allows a party to move for a more definite statement before filing a responsive

3    pleading where the original pleading "is so vague or ambiguous that a party cannot reasonably be

4    required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  "Rule 12(e) motions are

5    disfavored and rarely granted." *Castaneda v. Burger King Corp*., 597 F.Supp.2d 1035, 1045

6    (N.D. Cal. 2009) (citing *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal.

7    1999)).  "The rule is aimed at unintelligibility rather than lack of detail and is only appropriate

8    when the defendants cannot understand the substance of the claim asserted." *Id.* (citing *Beery v.*

9    *Hitachi Home Elecs., Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993)).  "If the detail sought by a

10   motion for a more definite statement is obtainable through discovery, the motion should be

11   denied." *Griffin v. Cedar Fair, L.P.*, 817 F.Supp.2d 1152, 1156 (N.D. Cal. 2011) (quoting

12   *Castaneda*, 597 F.Supp.2d at 1045).

13        An order requiring a more definite statement under Rule 12(e) is not appropriate here.  The

14   FAC is not so vague that defendants cannot ascertain the nature of the claim, especially given the

15   *pro se* status of plaintiff.  Indeed, defendants understand the complaint to allege excessive force

16   while plaintiff was in custody.  The more specific detail they seek is easily obtainable through

17   discovery.[4]  Moreover, defendants appear to bring their motion under Rule 12(e) in anticipation of

18   filing a motion to dismiss, but Rule 12(e) is designed to enable defendants to answer, not move for

19   dismissal. *Jones v. Kreminski*, 404 F.Supp.667, 668 (D.Conn. 1975) ("[t]he majority of cases

20   have held that it is improper to use a 12(e) motion to prepare for a motion to dismiss.").

21        Accordingly, defendants' motion for a more definite statement is **DENIED**.

22   **IV.    CONCLUSION**

23        For the foregoing reasons, defendants' motion to dismiss is **GRANTED WITH LEAVE TO**

24   **AMEND** as to defendants County of San Mateo and Sheriff Munks, and **DENIED** as to defendant

25   Deputy Criado.  Defendants' motion for a more definite statement on the excessive force claim is

26

27        [4] The Court also notes that defendants could likely obtain the clarification they seek even
28   without discovery through their own records.  Plaintiff has not only provided the nature of the
     incident at issue, but also the relevant date on which he alleges it occurred.

United States District Court
Northern District of California

1    DENIED.

2           Having previewed plaintiffs' supplemental allegations, the Court finds that amendment as

3    to the dismissed defendants would not be futile.  Plaintiff shall file a second amended complaint –

4    to supplement and clarify the allegations against defendants County of San Mateo and Sheriff

5    Munks only – no later than **October 19, 2015**.  Defendants shall respond within fourteen (14) days

6    after the filing.

7           The Court also SETS an initial case management conference for **Monday December 7,**

8    **2015** at 2:00 p.m, at the United States District Court for the Northern District of California,

9    Ronald V. Dellums Federal Building, Oakland in Courtroom 1.

10          In light of the status of the pleadings, this matter is hereby REFERRED to Magistrate Judge

11   Vadas pursuant to Local Rule 72-1 for an early settlement conference. The parties will be advised

12   of the date, time, and place of the settlement conference from Judge Vadas.

13          This Order terminates Docket Number 30.

14          IT IS SO ORDERED.

15   Dated: October 2, 2015

16

17                                                    _____
                                                      YVONNE GONZALEZ ROGERS
18                                                    UNITED STATES DISTRICT COURT JUDGE

19   cc: Magistrate Judge Vadas ; MagRef Email

20

21

22

23

24

25

26

27

28

9