UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANTONIO CORTEZ BUCKLEY, | Case No. 14-cv-05448-YGR |
|---|---|
| Plaintiff, | |
| v. | **CASE MANAGEMENT AND PRETRIAL ORDER** |
| COUNTY OF SAN MATEO, et al., | |
| Defendants. | |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court hereby sets the following trial and pretrial dates:

## PRETRIAL SCHEDULE

| | |
|---|---|
| CASE MANAGEMENT CONFERENCE: | Monday, October 24, 2016 at 2:00 p.m. |
| REFERENCE TO MAGISTRATE JUDGE VADAS FOR CONTINUATION OF SETTLEMENT CONFERENCE TO BE COMPLETED BY: | August 26, 2016 |
| LAST DAY TO JOIN PARTIES OR AMEND PLEADINGS: | Only with Court Order |
| NON-EXPERT DISCOVERY CUTOFF: | June 30, 2016 |
| DISCLOSURE OF EXPERTS (RETAINED/NON-RETAINED): | Opening: July 8, 2016<br>Rebuttal: July 29, 2016 |
| EXPERT DISCOVERY CUTOFF: | August 15, 2016 |
| DISPOSITIVE MOTIONS[1] / DAUBERT MOTIONS TO BE FILED BY: | September 6, 2016 (heard on 35-day notice) |
| COMPLIANCE HEARING (*SEE* PAGE 2) | Friday, November 4, 2016 at 9:01 a.m. |
| JOINT PRETRIAL CONFERENCE STATEMENT: | November 10, 2016 |
| PRETRIAL CONFERENCE: | Monday, November 28, 2016 at 10:00 a.m. |
| TRIAL DATE AND LENGTH: | Monday, December 12, 2016 at 8:30 a.m. for 5 days<br>(Jury Trial) |

---

[1] The Court waives its normal Pre-filing Conference process in this matter.

Pursuant to the Court's Pretrial Instructions in Civil Cases at Section 2, trial counsel shall meet and confer at least twenty-one (21) days in advance of the Pretrial Conference. The compliance hearing on Friday, November 4, 2016 at 9:01 a.m. is intended to confirm that counsel have reviewed the Court's Pretrial Setting Instructions and are in compliance therewith. The compliance hearing shall be held in the Federal Courthouse, 1301 Clay Street, Oakland, California, in Courtroom 1. Five (5) business days prior to the date of the compliance hearing, the parties shall file a one-page JOINT STATEMENT confirming they have complied with this requirement or explaining their failure to comply. If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar. Telephonic appearances will be allowed if the parties have submitted a joint statement in a timely fashion. Failure to do so may result in sanctions.

The parties must comply with both the Court's Standing Order in Civil Cases and Standing Order for Pretrial Instructions in Civil Cases for additional deadlines and procedures. All Standing Orders are available on the Court's website at http://www.cand.uscourts.gov/ygrorders.

Defendants have indicated they intend to file a motion for summary judgment against Plaintiff in this matter. At the case management conference on March 28, 2016, both parties were present and agreed that motions for summary judgment would be filed no later than September 6, 2016, to be heard on 35-day notice. Ninth Circuit authority indicates that self-represented plaintiffs should be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions. *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012). Accordingly, the Court provides the following notice to Plaintiff for her information in connection with Defendant's motion for summary judgment:

> Defendant [intends to make] a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure which, if granted, will end your case by granting judgment in favor of Defendant. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a

> motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e). The evidence in those documents must contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted in favor of the defendant, your case will be dismissed and there will be no trial.

*See Rand*, 154 F.3d at 962-63.

**IT IS SO ORDERED.**

Dated: April 8, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

3