UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**ANTONIO CORTEZ BUCKLEY**,

    Plaintiff,

  v.

**COUNTY OF SAN MATEO, *et al.***,

    Defendants.

Case No. 14-cv-05448-YGR

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

Re: Dkt. No. 84

    Plaintiff Antonio Cortez Buckley, proceeding *pro se*, brings this civil rights action against deputy sheriffs for the County of San Mateo. On July 29, 2016, defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 41(b) based on plaintiff's alleged failure to prosecute his action. (Dkt. No. 84.) In support of their motion defendants submitted evidence showing that plaintiff did not comply with Magistrate Judge Beeler's order directing plaintiff to respond to defendants' requests for production (*see* Dkt. No. 80) and did not appear at a settlement conference in front of Magistrate Judge Vadas (*see* Dkt. No. 82).

    Plaintiff's response to defendants' motion was due on or before August 12, 2016. Plaintiff failed to respond by the deadline. Then, on August 17, 2016, the Court issued a warning to plaintiff that it was considering dismissing his case for failure to prosecute and ordering him to file a written response by September 6, 2016 showing cause why defendants' motion to dismiss should not be granted and the action dismissed. (Dkt. No. 85.) The Court further warned plaintiff that his failure to file a response would deemed an admission that the case should be dismissed as a result of his failure to prosecute under Rule 41(b). As of the date of this Order, plaintiff has not responded to defendants' motion or this Court's order directing him to respond. Plaintiff has not filed any documents with the Court since July 1, 2016. (*See* Dkt. No. 77.)

Pursuant to Rule 41(b), the Court may dismiss the action for failure to prosecute or to comply with a court order. Dismissal is appropriate where the failure to comply is unreasonable. *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). The Court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987).

In this case, the Court warned plaintiff in its prior order dated August 17, 2016 that it would grant defendants' motion to dismiss his lawsuit due to his failure to prosecute this action. Plaintiff has continued to miss deadlines and to date has not met his obligation to respond to defendants' motion. Furthermore, it has been more than two months since plaintiff has communicated with the Court. Accordingly, the Court concludes it is in the interests of justice and judicial efficiency to dismiss this action pursuant to Rule 41(b). In that regard, defendants' motion is **GRANTED IN PART**. Defendants' motion is **DENIED IN PART** to the extent defendants request monetary sanctions against plaintiff.

This action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

This Order terminates Docket Number 84 and terminates this case.

**IT IS SO ORDERED.**

Date: September 16, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**